UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENAIDA YUZON,<br><br>                        Plaintiff,<br><br>      v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>                        Defendant. | Case No. CV 15-06624-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On August 28, 2015, Zenaida Yuzon ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on December 9, 2015. On February 17, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

# BACKGROUND

Plaintiff is a 66-year-old female who applied for Social Security Disability Insurance benefits on January 18, 2012, alleging disability beginning October 28, 2009. (AR 16.)[1] The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 28, 2009, the alleged onset date. (AR 18.)

Plaintiff's claim was denied initially on August 28, 2012. (AR 16.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Elizabeth R. Lishner on May 21, 2013 in West Los Angeles, California. (AR 16.) Plaintiff appeared and testified at the hearing and was represented by a non-attorney representative. (AR 16.) Vocational expert ("VE") Gail L. Maron also appeared and testified at the hearing. (AR 16.)

The ALJ issued an unfavorable decision on August 2, 2013. (AR 16-24.) The Appeals Council denied review on March 26, 2015. (AR 4-6.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1. Whether the ALJ properly determined that Plaintiff could perform the past relevant work.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

---

[1] Claimant previously filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning February 13, 2008. (AR 16.) Her claims were denied by an Administrative Law Judge in a decision dated October 27, 2009. (AR 16.) The Claimant's request for review was denied by the Appeals Council on July 22, 2011. (AR 16.) The ALJ determined that there is no support for reopening the October 2009 decision for disability insurance benefits. (20 C.F.R. § 404.988(b) and 20 C.F.R. § 416.1488). (AR 16.) Therefore, the ALJ also determined that the decision must be considered final and binding and not subject to further review. (20 C.F.R. §§ 416.1455 and 416.1472.) (AR 16.)

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must

3

determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 28, 2009, the alleged onset date. (AR 18.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: degenerative disc disease of the lumbar spine. (AR 18-19.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 19.)

The ALJ then found that Plaintiff has the RFC to perform a reduced range of sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following limitations:

> . . . ability to lift and carry 10 pounds occasionally and frequently; stand and walk 2 hours in a 8 hour workday; sit 6 hours in an 8 hour workday; work with a sit/stand option so as to sit for no more than 90 to 120 minutes at a time and then be allowed a 2 to 3 minute break to stand and move around; no more than occasional climbing of ladders/ropes/scaffolds/ramp/stairs, balancing, stooping, crouching, crawling, kneeling; and no more than occasional forceful pushing and pulling with the bilateral upper extremities.

(AR 19-23.) In determining the above RFC, the ALJ made an adverse credibility determination, which Plaintiff does not challenge here. (AR 20.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a nurse consultant as actually and generally performed. (AR 23.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 23-24.)

## DISCUSSION

The ALJ decision must be affirmed. At the fourth step of the sequential process, the ALJ properly determined that Plaintiff could perform her past relevant work as a nurse consultant as actually and generally performed.

### A. Relevant Federal Law

A claimant has the burden of proving that he or she no longer can perform past relevant work ("PRW"). Pinto, 249 F.3d at 844. The ALJ, however, has a duty to make the requisite factual findings to support his conclusion on PRW. Id. This is done by examining a claimant's

RFC and the physical and mental demands of the claimant's PRW. Id. at 844-45. Social Security regulations advise the ALJ to consider first whether the individual still can do PRW as he or she actually performed it because individual jobs within a category may not entail all of the requirements of a job in that category set forth in the Dictionary of Occupational Titles ("DOT"). SSR 96-8p; Pinto, 249 F.3d at 845. The claimant is an important source of information about his or her PRW. SSR 82-41; Pinto, 249 F.3d at 845. Other sources of information that may be consulted include vocational expert ("VE") testimony and the DOT. 20 C.F.R. § 404.1560 (b)(2) and § 416.960 (b)(2); SSR 82-61.

The ALJ then can proceed to determine whether a claimant can perform his or her PRW as generally performed. Id. Typically, the best source of how a job is generally performed in the national economy is the DOT. Id. An ALJ may accept vocational expert testimony that varies from the DOT, but the record must contain "persuasive evidence to support the deviation." Id. at 846 (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)). The ALJ has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and the DOT. SSR 00-4p; Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). If there is a conflict, the ALJ must obtain a reasonable explanation for the conflict and then must decide whether to rely on the VE or the DOT. SSR 00-4p; Massachi, 486 F.3d at 1153. Failure to do so, however, can be harmless error where there is no conflict or the VE provides sufficient support to justify variation from the DOT. Massachi, 486 F.3d at 1154 n.19.

**B.     Analysis**

Plaintiff contends that the ALJ's PRW finding conflicts with the DOT and that the ALJ erred by not requiring an explanation from the VE for the purported deviation. The Court disagrees.

Plaintiff has the medically determinable severe impairment of degenerative disc disease of the lumbar spine. (AR 18.) Nonetheless, the ALJ determined that Plaintiff had the residual functional capacity to perform a reduced range of sedentary work. (AR 19.) The ALJ also determined that Plaintiff could perform her past relevant work as a nurse consultant as actually and generally performed and was not disabled. (AR 23.)

  The ALJ's RFC includes a restriction that "work with a sit/stand option so as to sit for no more than 90 to 120 minutes at a time and then be allowed a 2 to 3 minute break to stand and move around." (AR 19.) The nurse consultant job (DOT 075.127-014) does not require a sit/stand option but the DOT does provide, "Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time." DOT 075.127-014, 1991 WL 646741. At the hearing, the VE testified that the ALJ's RFC was compatible with her past work as a nurse consultant if she does not leave her work station. (AR 976, 980.) The ALJ asked the VE if her testimony was consistent with the DOT, and the VE answered yes. (AR 981.) The ALJ asked the VE if her testimony was consistent with the DOT even with the sit/stand opinion, and the VE said yes because "in a sedentary position, you're allowed to stand up." (AR 981.) The Ninth Circuit has declared that "[a] VE's recognized expertise provides the necessary foundation for his testimony. Thus, no additional foundation is required." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

  Plaintiff asserts that the absence of a sit/stand option in the DOT job requirements for the nurse consultant job necessarily means that there is a conflict between the VE's testimony and the DOT which the VE did not explain. In support of that assertion, Plaintiff cites two Northern District decisions. Valenzuela v. Astrue, 2009 WL 1537876, at *3 (N.D. Cal. June 2, 2009); Smith v. Astrue, 2010 WL 5776060, at *11-12 (N.D. Cal. Sep. 16, 2010). Plaintiff, however, fails to acknowledge substantial conflicting authority. Recently, the Ninth Circuit held that, where the DOT is silent on whether the jobs in question allow for a sit/stand option, "[t]here is no conflict." Dewey v. Colvin, 650 F. App'x 512, 514 (9th Cir. 2016) (unpublished). Also, numerous cases in the Central District and even the Northern District have found no conflict where the DOT is silent on a RFC job restriction. Doty v. Colvin, 2016 WL 1089171, at *5 (C.D. Cal. March 18, 2016); Winder v. Colvin, 2014 WL 4060010, at *3 (C.D. Cal. Aug. 14, 2014); Herrera v. Colvin, 2014 WL 3572227, at *9 (C.D. Cal. July 21, 2014); Harvey v. Astrue, 2010 WL 2836817, at *13-14 (N.D. Cal. July 16, 2010); Wester v. Colvin, 2015 WL 4608139, at *5 (C.D. Cal. July 31, 2015). Plaintiff did not reply to these authorities proffered by the Commissioner. Other decisions citing to Dewey are in accord. See Barron v. Colvin, 2017 WL

417192, at *3 (C.D. Cal. Jan. 31, 2017); Prieto v. Colvin, 2016 WL 7480254*4 (C.D. Cal.); Manley v. Colvin, 2016 WL 7191541, at *4 (C.D. Cal. Dec. 12, 2016); Villalpando v. Colvin, 2016 WL 6839342, at *4-5 (C.D. Cal. Nov. 21, 2016). Although there is no controlling Ninth Circuit authority, the number and trend of decisions plainly is in favor of not treating DOT silence on RFC job restrictions as a conflict.

The Court agrees with Dewey and the Central District cases on the matter. The VE's testimony was consistent with the DOT and constitutes substantial evidence. The ALJ did not err in relying on the VE's testimony in determining that Plaintiff could perform her past relevant work as a nurse consultant as actually and generally performed.

\* \* \*

The ALJ nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 15, 2017                    */s/ John E. McDermott*
                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE